[No. 13463.    Department Two. — February 25, 1890.]

GEORGE B. CARTER ET AL., APPELLANTS, *v.* LUIGI BACIGALUPI, RESPONDENT.

MINING CLAIM — DESCRIPTION — CENTER LINE. — If the center line be sufficiently described, it is enough to state that the claim is for a specified number of feet on each side of the line.

ID. — STARTING-POINT — MONUMENT — PRESUMPTION. — A monument with reference to which a starting-point is located will be presumed, in the absence of evidence to the contrary, to be known or ascertainable. So held of Turnback Creek.

MINING CLAIM — DESCRIPTION — NAME OF DISTRICT OR COUNTY — LOCAL LAWS OF TUOLUMNE DISTRICT. — If the description of the claim be otherwise sufficient, it is not essential, under the local laws of Tuolumne district, that the notice either as posted or as recorded should state the name of the district or county in which the claim is situated.

ID. — NOTICE TO BE RECORDED. — Under the laws of Tuolumne district, if the notice as posted is sufficient, it is sufficient as recorded.

NOTICE OF LOCATION — LIBERAL CONSTRUCTION. — Notices of location are to be liberally construed.

DEED — DESCRIPTIVE NAME — PAROL EVIDENCE. — If a mining claim has a known descriptive name, it may be described in a deed by giving such name, and parol evidence is admissible to explain and locate it.

MINING CLAIM — EFFECT OF ABANDONMENT. — When a mining claim which has been located is abandoned, the ground is open to location by any qualified person.

APPEAL from a judgment of the Superior Court of Tuolumne County, and from an order refusing a new trial.

The facts are stated in the opinion.

*F. W. Street,* for Appellants.

*F. D. & G. W. Nicol,* for Respondent.

HAYNE, C. — This was an action to determine the right to a mining claim. The defendant had judgment, and the plaintiffs appeal. The main points made for the plaintiffs relate to the sufficiency of the location of the defendant's grantor and the sufficiency of the transfer to the defendant.

1. It was conceded at the trial that the plaintiffs' locations were properly made and maintained, if the ground was open to location. The defense was, that the ground was not open to location, because the defendant had a prior valid and subsisting claim. And the question is whether he had such a claim.

The provision of the federal statute of May 10, 1872, in relation to the matter is as follows:—

"Sec. 2324. The miners of each mining district may make regulations not in conflict with the laws of the United States, or with the laws of the state or territory in which the district is situated, governing the location, manner of recording, amount of work necessary to hold possession of a mining claim, subject to the following requirements: The location must be distinctly marked on the ground so that its boundaries can be readily traced. All records of mining claims hereafter made shall contain the name or names of locators, the date of the location, and such a description of the claim or claims located by reference to some natural object or permanent monument as will identify the claim."

And then follows a requirement as to the amount of work which shall be done.

This statute does not require that a notice shall be recorded. (*Thompson* v. *Spray,* 72 Cal. 533; *Souter* v. *Maguire,* 78 Cal. 544.) Nor does it require that a notice shall be posted on the claim. It leaves those matters to the regulation of the local laws. The local laws gener-

ally require that a notice shall be posted, and even in the absence of such a requirement it would be a very proper aid to the description. But the statute does not require it.

The local regulations of the Tuolumne mining district, adopted in October, 1872, contain the following provisions:—

"Sec. 3. Mining claims hereafter located in said district, upon veins or lodes of quartz, or other rock, or veins of metal, or its ores, shall be located in the following manner, to wit: By posting thereon two notices written or printed upon paper, or some metallic or other substance, each to be posted in such manner as to expose to view the full contents of the notice, one of which shall be posted in a conspicuous place at each end of the claim. Said notices shall contain the name or names of the locators, the date of the location, and such a description of the claim or claims located, by reference to some natural object or permanent monument as will identify the claim. Said notice may be in the following form, to wit:—

"'Notice is hereby given that the undersigned have taken up —— hundred feet *of this vein or lode,* and that the claim so taken up is described as follows (here insert description).

"'Dated —— day of —— 187-.

"'A. B.⎱
"'C. D.⎰ Locators.'

"Sec. 6. All claims hereafter located in said district *the notice of location* of which shall not be filed for record with the mining recorder within thirty days from *the date of such notice of location* shall be regarded as abandoned, and shall be open to location by any party in the same manner as though no location thereon had ever been made."

The notice of location of the defendant's grantor was as follows:—

" The undersigned hereby gives notice that he claims fifteen hundred (1,500) feet *of this quartz lode or vein*, together with three hundred feet on each side of the vein; said is described as follows, to wit: Commencing at a young black-oak tree, about four hundred feet northerly of an old cross-cut or drift in the ravine; thence running southeasterly fifteen hundred (1,500) feet to a black-oak tree near a small ravine on the north side of Turnback Creek, and having this notice in duplicate posted on a black-oak tree at each extremity of said claim. This claim is designated as the Sunny South claim, and is located and will be held and worked in accordance with the act of Congress in the premises.

                                "FRANCIS CADEMARTORI.

" CHEROKEE, December 30, 1875.

" Recorded at request of H. Crepin, December 30, 1875."

This notice, as will be observed, is in the form prescribed by the local regulation above quoted. Two objections, however, are made to it: —

(*a*) It is said that it contains no sufficient description of the property, and that consequently neither the posting nor the recording was sufficient. But we think that the description was sufficient. If the center line be sufficienty described, it is enough to state that the claim is for a certain number of feet on each side of it. The notice does not say three hundred feet on each side of any one point of the line, but of the whole line, that is to say, on each side of each of the succession of points which constitute the line; and the result is a tract inclosed within side lines parallel to the center line, and three hundred feet from it and end lines at right angles to it.

It is argued, however, that the center line is not sufficiently described. But if either end of the line may be located, the other may be found. Now, Turnback Creek must, in the absence of evidence to the contrary, be held

to be a known or ascertainable natural monument. In the case of *Hammer* v. *Garfield Mining Company*, 130 U. S. 299, the starting-point was located with reference to "Vaughn's Little Jennie mine." This was held to be sufficient; and the court, per Field, J., said: "The Little Jennie mine *will be presumed* to be a well-known natural object or permanent monument until the contrary appears." All that has to be done by one seeking information, therefore, is to go to Turnback Creek and follow it up until he comes to a black-oak tree near a small ravine on its north side, which tree has the above notice posted upon it, and which is fifteen hundred feet northwesterly from another black-oak tree, which latter tree is a young one, and is four hundred feet northerly of an old cross-cut or drift in the ravine, and has a copy of the above notice posted upon it. Looking at the description as it appears in the record, we cannot say that it is not amply sufficient. For all we can say to the contrary, those two trees may be the only black-oak trees on the whole creek. If any latent circumstances existed which renders it impossible to locate the line, it should have been proved by the party attacking the notice.

(*b*) It is said that neither as posted or recorded does the notice state that the claim is within the Tuolumne mining district, or even in Tuolumne County, or the State of California. This is in effect saying that the claim is not sufficiently described.

So far as the posting is concerned, the objection is manifestly untenable. The notice was posted upon the vein or lode itself, and stated that it was for a specified portion of *this* vein or lode. That identified and fixed the lode; and it was not necessary to go on and give the geography of the locality.

We also think that the record was sufficient. Under the rules of this district, the record is sufficient if it is the same as that posted, provided the latter is sufficient. As above stated, the statute does not require a notice to

be either posted or recorded. It leaves those matters to local regulation, subject, however, to the provision that when a notice is required to be recorded it shall contain a description of the property and certain other matters. The language of the statute is repeated in section 3 of the local rules, above quoted, in reference to the notice to be posted. Consequently, the notice, as posted, must comply with the requirements of the statute in relation to recorded notices. And the provision of the local rules in relation to recording merely requires that the notice posted shall be recorded. It says that all claims thereafter located will be regarded as abandoned unless "the notices of location" shall be filed for record within thirty days from "the date of such notice of location." This language can only refer to the notice of location previously spoken of in the rules. Hence it must be held that, under these rules, if the notice as posted is sufficient, it is sufficient as recorded. This is not necessarily the case in all districts. In some no notice is required to be posted; and it may be that in others less is required for the posting than for the recording. But in the Tuolumne district the notice posted is to be recorded; and if one is sufficient, the other is.

And here the notice posted was sufficient. It is true that, as recorded, it lacks the specific application which resulted from being affixed to the claim itself. But aside from this, the notice posted contains, as we have seen, a sufficient description of the claim; and the phrase "this vein or lode" must be held to be the vein or lode of which a portion is subsequently described in the notice.

The notion that, where the part of the vein or lode which is claimed is sufficiently described in the recorded notice, the phrase "this vein or lode" is not sufficient unless accompanied with the information that the vein or lode in question is within a particular district, county, or state, is one that might arise in the mind of a lawyer,

but would not be apt to occur to a miner. It certainly did not occur to the miners who adopted the rules of this district; for they prescribed the form of notice to be posted (which was followed by defendant's grantor), and then provided that the notice posted should be recorded.

In construing notices like this, it must be remembered that, as a rule, miners are unacquainted with legal forms and requirements, and are frequently out of the reach of assistance; and in view of this, it has been wisely held that their proceedings are to be regarded with indulgence, and liberally construed.

In this case we think that the notice was sufficient, both as posted and recorded.

2. The description in the deed from Cademartori to the defendant was sufficient. It conveyed "all that certain mining claim situated near Cherokee, Toulumne County, state of California, and being the Sunny South claim, being fifteen hundred feet in length by three hundred feet in width on each side of the vein, and more fully described in volume 1, page 118, of Record of Quartz Mines."

The claim conveyed had a descriptive name, which was known, and was described in the mining records. This was sufficient. (Civ. Code, sec. 1092.) The parol evidence in aid of the description was admissible (*Thompson* v. *Southern Cal. M. Co.*, 82 Cal. 497), though the description, under the circumstances shown in this case, was probably sufficient without it.

3. There is no merit in the point that the ground was not open to location when the defendant's grantor located it. The person who made the prior location testified that he had abandoned it at the time of the location of the defendant's grantor. Nor is there anything in the point that the deed to the defendant was of the old abandoned location, and not of the new one. It referred to the old one merely for a description of the property, and conveyed whatever right the grantor had.

We therefore advise that the judgment and order denying a new trial be affirmed.

BELCHER, C. C., and VANCLIEF, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.