[Civ. No. 159. Third Appellate District.—February 5, 1906.]

## H. P. ANDERSON, et al., Appellants, v. WILLIAM CAUGHEY et al., Respondents.

MINING CLAIM—NOTICE OF LOCATION—POSTING AND RECORDING.—The mining law of the United States (U. S. Rev. Stats., sec. 2324) does not require the notice of location of a mining claim to be posted or recorded; and it is only where the local customs and rules of the miners of the district require these steps that they are necessary.

ID.—CUSTOMS OF MINERS—EVIDENCE—PRESUMPTION.—In the absence of evidence as to the custom of miners in a particular district and at a particular time respecting the steps necessary to the loca-

tion of a mining claim, it must be presumed that the United States law governed all locations at that time.

ID.—GRATUITOUS ANNUAL WORK.—Annual work done on a mining claim by a third person, of the value of one hundred dollars, is sufficient to constitute the assessment work required by law, although it may have been contributed gratuitously to the locator.

ID.—RELOCATION.—A mining claim which was validly located in the year 1893, and on which the annual assessment work was done to and including the year 1900, was not open to relocation by a third person during the year 1901.

ID.—TIME IN WHICH TO DO ASSESSMENT WORK.—A locator of a mining claim has all of the succeeding calendar year in which to do the necessary assessment work.

APPEAL from a judgment of the Superior Court of Lassen County.   F. A. Kelly, Judge.

The facts are stated in the opinion of the court.

N. J. Barry, for Appellants.

J. T. Boyd, for Respondents.

CHIPMAN, P. J.—Action to quiet title to certain quartz mining land situated in Lassen county.   The court found that plaintiff, on February 1, 1901, attempted to locate a quartz mining claim on Hayden Hill, Lassen county, to be known as the "Greenback Quartz Claim," but that at the time the claim was not open to location; that defendants and their grantors had a prior, existing, valid location upon the mining claim described in the complaint; that defendants and their grantors located and have been in possession and worked the said mining claim continuously since August 8, 1893, "except a triangular strip along the west side of said mining claim thirty feet in width at the south end, and thence tapering to a point at the north end, the said mining claim being known as and called the Mt. Hope Quartz Mining Claim"; that on September 18, 1900, defendants herein and their grantors, for the purpose of acquiring said described triangular strip of land along the west side of the said Mt. Hope quartz mining claim, relocated the said described mining claim and included therein the said triangular strip of land along the west side of said claim, the said claim as relocated being the

mining claim set forth herein and in the plaintiffs' complaint; that all the allegations of the defendants' answer are true. As conclusions of law the court found that defendants are the owners and entitled to possession of said mining claim and that plaintiffs' attempted location thereof on February 1, 1901, was and is void and of no effect and that plaintiffs have no right, title or interest in said mining claim or any part thereof. Judgment passed accordingly for defendants. Plaintiffs appeal from the judgment on bill of exceptions.

There is no brief on file for respondents. It is not fair treatment of the appellate court for the prevailing party to neglect to brief his case. Where appellant is thus neglectful, the court would be justified in affirming the judgment without examining the record. It is the duty of attorneys, whether for appellant or respondent, to give the court their assistance. Plaintiffs challenge the sufficiency of the evidence to sustain the findings and urge reversal of the judgment upon the following grounds: 1. That no valid location was ever made by the defendants and their predecessors in interest, for the reason that no notice of location was ever posted upon the claim and no notice of location was ever recorded as required by the local customs and usages of miners in the Hayden Hill district; 2. The evidence fails to show that $100 worth of assessment work was done upon the claim for the year 1900; 3. The court erred in refusing to strike out the evidence of labor performed by George W. McFarling, for the reason that he was not shown to have any interest in the claim other than a parol gift from J. H. McFarling.

There is evidence that this mining claim was located and worked prior to 1893, in which latter year defendant J. H. McFarling, through one S. Lewis, recorded a location which was six hundred feet wide at the northerly end, and five hundred and seventy feet wide at the southerly end, being thirty feet narrower on the west side of the center line at this end than on the west side at the northerly end; there is evidence that it was worked continuously, more or less, up to 1899, and it is admitted that assessment work was done for that year. It appears that in 1899 McFarling, in person, did the necessary assessment work, and he also straightened the westerly line so as to make the claim of equal width at both ends; i. e., six hundred feet. He also "straightened up the monu-

ments''—straightened up the stakes that happened to be down. The claim was marked out on the ground so that its boundaries could be readily traced. McFarling returned to the mine in February, 1900, and on September 5, 1900, he and his brother, George W. (one of defendants), commenced to do the assessment work for that year, and were there at work until September 26th. They tore down a small cabin, or shop, that was on the west side of the claim and rebuilt it at a shaft in which they were working; this shaft had been sunk about twenty-five feet, and they ran it some six feet farther down and timbered it; they also constructed rude hoisting works and did some other work together, and G. W. McFarling also worked a considerable time on the mines, prospecting and otherwise, besides this work done together. There was some conflict in the evidence as to the value of the work done, apart from that done separately by G. W. McFarling. We think, however, that the court was warranted in finding that the assessment work was done, basing its judgment upon the evidence of defendants' witnesses; and beyond doubt, if the work done by G. W. McFarling is considered, as we think it should be, and for reasons appearing hereafter. On October 31, 1900, defendants William Caughey, George F. McFarling, J. H. McFarling and John McFarling recorded a location of the ground in question. It is in evidence that they were all of them interested in the mine and that they made this relocation for the purpose of taking in this triangular shaped strip which was not included in the earlier location and which was vacant, unoccupied land. The boundaries had been marked upon the ground in the fall of 1899 by one of the partners, and no new markings were made, as the evidence showed that they were then (in October, 1900) plainly visible and easily traced. There was no evidence that the notice of location in 1893 was posted on the claim, but it was recorded in the office of the county recorder; and the same is true of the notice of 1900. As to the local custom, witness Highet testified as follows: ''I am acquainted with the local laws and customs on Hayden Hill for years back as to the posting and recording notices. (The trial was in 1903.) At one time it had a local recorder. By the local custom a man would measure off his surface, go and put up his monuments, run out his lines, put up his notice.

and he had twenty days in which to record his notice with the local recorder. It was the custom for the notices to be posted upon the claim. If one had discovered no vein he would post the notice at the starting point. That custom prevailed until the year 1896 or '97, when the state law went into effect. After that the notices were sent to the county recorder for record. I don't know what is the custom on Hayden Hill at the present time in regard to posting notices on the claim." Plaintiff Anderson testified that from 1896 to the present time the custom was to post the notice on the mine and record it with the county recorder.

Appellants concede that the judgment should be affirmed if a valid prior location was made and the regular assessment work kept up including the year 1900. The assessment work was admitted to have been done for 1899, and there is sufficient evidence to support the finding that it was done for the year 1900. We do not understand that any point is made as to the work done prior to 1899. The mining law of the United States does not require the notice of location to be posted or recorded (*Carter* v. *Bacigalupi*, 83 Cal. 187, [23 Pac. 361]; *Dwinnell* v. *Dyer*, 145 Cal. 12, [78 Pac. 147]); and it is only where the local customs and rules of the miners of the district require these steps that they are necessary. It was said in *Adams* v. *Crawford*, 116 Cal. 498, [48 Pac. 499], that a mining location is made by the marking of the ground by monuments so that its boundaries may be readily traced, the posting of a notice thereon, and, where the state or district law requires it, the recording of such notice. So far as posting the notice is concerned, or recording it, the statement must be understood to have in mind local rules or customs. As a statement of requirements under the statute it is in conflict with *Adams* v. *Crawford*, *supra*, and other decisions of our supreme court, and is not borne out by the statute. (U. S. Rev. Stats., sec. 2324 [U. S. Comp. Stats. 1901, p. 1426]. See 1 Lindley on Mines, sec. 351.)

The testimony as to the custom of miners at Hayden Hill is not definite as to the time when first in force. The witness Highet did not state at what time the custom began to which he testified; it ended in 1896, but whether it was in force in 1893 he did not state. In the absence of such proof we must

presume that the United States law governed all locations at that time. So far, then, as the objections made to the location of 1893 is concerned, they are without merit. The objection to the testimony concerning the work performed by George W. McFarling was based upon the fact that the original location was made by J. H. McFarling, and that the only interest his brother George had was by a parol agreement, whereas it is claimed that an interest in a mining claim cannot be conveyed by parol; citing *Moore* v. *Hamerstag,* 109 Cal. 122, [41 Pac. 805], and several other cases. J. H. McFarling testified that his brother George had a one-fourth interest in the mine in 1899, and he was one of the persons who signed the location in 1900. He was in possession with his brother, and if he did not have a legal title to his interest he apparently had an equitable interest, and, whatever his interest, his labor should be considered in estimating the value of the assessment work done in 1900, whether he was paid for it or not. The question is not what it cost to do the assessment work, but was it worth $100? The work may all have been contributed gratuitously and still it would constitute assessment work under the law.

When the plaintiffs made their location they knew that the mine had been located and worked in previous years and that the defendants were claiming it in good faith and had done what they regarded as sufficient assessment work in 1900. Plaintiffs examined the work that had been done, and, deeming it insufficient, posted their notice claiming by the boundaries of defendants' location; their notice of location was posted near defendants' shaft and hoisting works, and the only discovery work done by plaintiffs was but a few feet away from where defendants had uncovered the ledge.

As the McFarling location in 1893 conformed to the requirements of law and was valid and was kept in force by annual assessment work to and including the year 1900, the attempted location by plaintiffs in the spring of 1901 conferred no right and would seem to fall within the reasoning in *Dwinnell* v. *Dyer,* 145 Cal. 12, [78 Pac. 247]. It is not necessary to consider the location of 1900, for under it defendants had all of the year 1901 in which to do the necessary assessment work, and they, in fact, were claiming under

the location of 1893. Plaintiffs made no point as to the triangular shaped strip included in this latter location and we will not consider it.

The judgment is affirmed.

Buckles, J., and McLaughlin, J., concurred.