[Civil No. 2955. Filed January 25, 1931.]

[295 Pac. 318.]

STURGIS B. WHITWELL, Appellant, v. W. F. GOODSELL and CHARLES BLIXT, Appellees.

Mr. Arnold T. Smith, for Appellant.

Mr. Ben C. Hill, for Appellees.

ROSS, J.—This suit was brought by W. F. Goodsell and Charles Blixt against D. W. and J. Z. Baker and Josephine and Charles E. Udall, alleging two causes of action. One thereof had for its purpose the securing a construction of a "lease and bargain of sale" from the defendants to the plaintiffs of the unpatented mining claim "Sponto," located in the Silver Hill mining district, Pima county, and the other the quieting of plaintiffs' title to the "Princess" mining claim, a subsequent location by Goodsell of the same ground.

Some time after the institution of the action, Sturgis B. Whitwell obtained permission to intervene and filed his complaint to quiet his title to the ground claimed by plaintiffs and defendants, under a location thereof known as the "Mary G." mining claim, made in 1917, long prior to the location of either the "Sponto" or the "Princess."

The trial, which was before the court without a jury ended in the elimination from the case of the Bakers and the Udalls, the court holding the "Sponto" location to be void and the "lease and bargain of sale" of no effect on the title, from which holding the Bakers and Udalls have not appealed. The court further held the ground was open to location when Goodsell located the "Princess," on January 10, 1927, and entered judgment in favor of Goodsell and Blixt, to whom Goodsell had sold a one-half interest in the "Princess," and against the intervener Whitwell, who claimed the ground under the "Mary G." location. Whitwell has appealed, assigning as grounds therefor: (1) That the court's find-

ings of fact, to the effect that the assessment work for the year 1926 on the "Mary G." had not been performed for the benefit of said claim, was against the evidence and erroneous; (2) that the court's finding that the "Mary G." ground was open to location on January 10, 1927, when Goodsell located the "Princess," was contrary to, and unsupported by, the evidence; (3) that the court's holding that plaintiffs were not estopped to deny intervenor's title was erroneous; (4) that the conclusions of law were erroneous.

The undisputed evidence is that the "Mary G." mining claim was properly located by one James Guy on January 1, 1917; that he conveyed, on October 13, 1919, to intervenor, Whitwell, who, in turn, on March 25, 1920, conveyed to the Limitrofe Mines Company; that thereafter it was sold, under a judgment and execution against the Limitrofe Mines Company, to one John T. Clark, who, on December 21, 1922, for a valuable consideration, assigned and transferred the sheriff's certificate of sale to intervenor Whitwell, to whom, on August 15, 1928, the "Mary G." was conveyed by sheriff's deed.

It is also undisputed that no representation or annual assessment work was done or performed on the "Mary G." from 1922 until 1926, when, in May or June, one hundred dollars' worth of work was done thereon by B. G. Granville, under an option to purchase given him by W. W. Worsley.

It is also undisputed that Tom K. Richey, of Tucson, had a general power of attorney from Whitwell authorizing him to do all and every act and thing requisite or necessary in selling premises, as fully as he might or could do if personally present; that Richey as such attorney-in-fact of Whitwell gave oral authority to Worsley to give options on the "Mary G." mining claim.

It is also undisputed that Goodsell first went into possession of the "Mary G." ground under an option to purchase the "Mary G." mining claim granted him by Worsley on July 28, 1926.

Notwithstanding these undisputed facts, the trial court in its findings said:

"There was no proof offered that the intervenor Whitwell paid for the work done by Granville, and no proof was offered that Whitwell knew anything about the work being done, or that it was done for the benefit of the intervenor, Sturgis B. Whitwell."

The correct disposition of the case depends upon the work done by Granville on the "Mary G." during May or June of 1926. If such work can, under the circumstances, be legally credited to Whitwell, or the "Mary G.," it is obvious that the ground was not open to relocation on January 10, 1927. While the failure to do the assessment work during the previous years, 1922, 1923, 1924 and 1925, left the ground open to relocation at any time before the owner resumed work thereon, it did not have the effect of a forfeiture of the claim. The owner, no right of third parties having intervened, had a perfect right to do the assessment work in 1926, and, if he did do the assessment work for that year, his title is good, not only against all others, but as against the government itself. 40 C. J. 839, § 290; *Temescal Oil Mining & Development Co.* v. *Salcido,* 137 Cal. 211, 69 Pac. 1010; *Golden Giant Mining Co.* v. *Hill,* 27 N. M. 124, 14 A. L. R. 1450, 198 Pac. 276; 18 R. C. L. 1170, § 80.

There is no suggestion that Granville was a trespasser on the "Mary G." when he did the work thereon. On the contrary, he had an option from Worsley, who was authorized by the owner to make options thereof. That such authorization was oral instead of written would not affect the character of Granville's possession or his acts in preserving the title of the mine in the owner. Because, perhaps, he

could not have enforced such oral option would not convert him into a trespasser or a stranger to the title. The option was not void, and, if the owner refused to perform his part of it, the optionee doubtless would have had a remedy to recover for his labor and services performed and money expended in improving the property.

It is said in *Nesbitt* v. *Delamar's Nevada Gold Min. Co.*, 24 Nev. 273, 77 Am. St. Rep. 807, 52 Pac. 609, 610, 53 Pac. 178:

"It is true that work done by a mere trespasser or stranger to the title will not inure to the benefit of the locator. [Citing cases.] But when the mine is represented by an owner, and annual work performed by or at the instance of the owner or some one in privity with him, it is sufficient. 2 Lindl. Mines, § 633."

Granville had possession of the "Mary G.," and did the work thereon at the instance of Whitwell, or through his attorney-in-fact. Whitwell's attorney-in-fact, Tom K. Richey, testified: "Mr. Worsley was authorized to make any deal that he saw fit, and I was directed by Mr. Whitwell to execute a deed any time that a sale was made of this property, under my power of attorney." See, also, 40 C. J. 830, § 270; *Anderson* v. *Caughey*, 3 Cal. App. 22, 84 Pac. 223; *Jupiter Min. Co.* v. *Bodie Consolidated Min. Co.*, (C. C.) 11 Fed. 666, 7 Sawy. 96; *Godfrey* v. *Faust*, 18 S. D. 567, 101 N. W. 718; *Book* v. *Justice Min. Co.*, (C. C.) 58 Fed. 106.

Besides, Goodsell, in a most effective and binding manner, recognized Worsley as possessing authority to grant options on the "Mary G." It was by virtue of an option from Worsley that Goodsell got into possession of the ground included in that claim. In accepting such option of the "Mary G.," and in going into possession thereof under such option, Goodsell admitted the validity of the mining location and also the authority of Worsley to make the option,

and, so long as he held possession thereunder, any work or labor done or money expended by him thereon would inure to the owner. Lindley on Mines, third edition, volume 2, section 407, says:

"One in possession of an unpatented mining claim entering under a lease from the owner will not be permitted to relocate for nonperformance of assessment work on the part of the owner."

See, also, *Justice Min. Co.* v. *Barclay*, (C. C.) 82 Fed. 554; *Yarwood* v. *Johnson*, 29 Wash. 643, 70 Pac. 123.

The rule where possession is obtained under a lease would upon principle apply where obtained under an option to purchase.

We conclude that the court's finding that the work done by Granville on the "Mary G." in 1926 was not annual assessment work was against and without the support of any evidence. It was not necessary that Whitwell should have paid for the work done by Granville, or that he should have known that it was being done. If the work was done at Whitwell's request, or by some one in privity with him, it inured to his benefit. The record shows that Whitwell resides in California and that his property interests in Arizona are entrusted to his attorney-in-fact, Mr. Richey. It may be that he did not have actual or personal knowledge of the work done by Granville, but that was not necessary if in fact it was procured to be done through his agent; and, of course, it was not necessary that he pay for the work other than by the option.

The judgment of the lower court is reversed and the cause remanded, with directions that judgment be entered for the intervenor, Sturgis B. Whitwell, quieting his title to the "Mary G." mining claim.

McALISTER, C. J., and LOCKWOOD, J., concur.