[Civil No. 3841. Filed July 6, 1937.]

[69 Pac. (2d) 804.]

R. O. EGELAND, Otherwise Known as ROCKWELL O. EGELAND, Individually and Doing Business Under the Name and Style of MINE & SMELTER EQUIPMENT COMPANY, Appellant, v. W. C. JEWELL, Appellee.

Mr. H. M. Van Denburgh, for Appellant.

Messrs. Townsend & Jenckes and Mr. Egbert L. Wildman, Jr., for Appellee.

LOCKWOOD, J.—W. C. Jewell, hereinafter called plaintiff, brought suit against R. O. Egeland, hereinafter called defendant, to recover an alleged balance of $300.81 as salary for services performed by plaintiff for defendant. The case was tried to the court, which rendered judgment in favor of plaintiff for the above amount, whereupon this appeal was taken.

There are six assignments of error which we will consider in accordance with the questions of law raised thereby. The first, in substance, is that the evidence does not justify a judgment against defendant for more than the sum of $30, which amount defendant admitted was due to plaintiff and offered to pay. This raises the question of the sufficiency of the evidence and, under our rule, if there is any reasonable evidence in the record to sustain the judgment, we may not question the conclusion of the trial judge.

We have examined the reporter's transcript, and it appears therefrom that the plaintiff testified, in substance, that he had been employed by defendant

in the month of December, 1934, at a salary of $60 a month, together with a promise that later he would be given an interest in defendant's business. Thereafter, and on the 1st day of February, a new arrangement was made whereby defendant was to pay plaintiff $100 per month salary, of which sum of $60 at first and later $75 was to be paid monthly, and the balance to be deferred until a later time. Plaintiff left the employ of defendant on the 7th day of October and, according to his testimony, there was then due him the amount for which he sued.

Defendant agreed with plaintiff as to the employment, but insisted that the agreement was for a salary of $60 per month up to and including April, 1935, and thereafter $75 per month. There were various account books and records of defendant, which during the period in question were kept by plaintiff, introduced in evidence, and plaintiff and defendant each explained these records to make them conform to his theory of the situation. There was the testimony of an independent witness as to the original agreement for $60 a month to begin with, with a promise of an advance in salary and a share in the business later on. On this testimony the court rendered its judgment.

While the explanation of the plaintiff in regard to the records offered in evidence by defendant seems a little peculiar, we cannot say that it is impossible or even incredible. The question was, therefore, one for the trial judge, and he decided to accept plaintiff's theory of the case. We cannot say, as a matter of law, that the evidence does not sustain the judgment.

The next question is as to a credit of $10, which it is claimed plaintiff's own testimony shows should have been allowed on the amount sued on. The evidence on this point is susceptible of two constructions, and the trial court evidently took the plaintiff's.

Again we cannot question its conclusion upon the matter.

■ The next objection is to the allowance of two items of costs in the trial court. The first is as to the premium on an indemnity bond given by plaintiff to the sheriff when he attached certain property of the defendant. Section 345, Revised Code of 1928, reads, in part, as follows:

"In all actions and proceedings a party entitled to recover costs therein shall be allowed and may tax as costs and recover such sum paid a surety company for executing any bond or other obligation therein, not exceeding, however, one per cent on the amount of the liability upon such bond or other obligation, during each year the same has been in force."

It is the contention of the defendant that an indemnity bond given to a sheriff does not fall within section 345, *supra*, for the reason that it is not a "bond or other obligation" in the action. We think this is too strained a construction of the section. Section 4248, Revised Code of 1928, provides that when a writ is given to an officer to attach property of a defendant he may require the plaintiff to execute and deliver to him an indemnity bond and, if this is not done, may refuse to make the levy. We think that when the bond is demanded by the officer, although it runs in his favor alone, it is within the meaning of section 345, *supra*, an "obligation" in the action and that the premium paid therefor is properly taxable costs.

■ The other is an item of $1.80 witness fee, it being contended by the defendant that the testimony of the witness was not material. We have examined this testimony, and think there is no question but that it was proper and material evidence in the case. This disposes of all the assignments of error.

The judgment of the superior court of Maricopa county is affirmed.

McALISTER, C. J., and ROSS, J., concur.