206 P.2d 730

MacDONALD et al. v. CLUFF.

No. 5055.

Supreme Court of Arizona.

May 31, 1949.

Shute & Elsing, of Phoenix, for appellants.

Arthur L. Goodmon and Milton L. Ollerton, of Phoenix, for appellee.

DE CONCINI, Justice.

In April, 1942, D. R. Walker and M. E. Tally, prospecting in the Pioneer Mining District some two and one-half miles south of Superior, Arizona, found perlite ore, a basalt mineral, and located several claims, one of which they named the Arnette. Within a few days of the discovery, they made and posted on the claim their location notice, and filed it with the County Recorder of Pinal County; they erected stone monuments, one at each corner of the Arnette claim and one in the center of each end line; and they dug a discovery shaft which they claimed was over the depth of eight feet as required by Sec. 65-103, ACA 1939. From time to time they took out perlite ore. They filed no notice of intention to hold the claim for the year 1943, and on June 23 of that year they sold the claim to W. D. Cluff, plain-

tiff, who is a resident of California. Thereafter, both Walker and Tally worked for plaintiff, mining the ore and shipping it to him in California in his trucks.

The Congress of the United States, by Act of May 3, 1943, C. 91, 57 Stat. 74, Title 30, Sec. 28a, U.S.C.A., provided for a suspension of annual assessment work on mining claims for the duration of the war if the claimant would file, or cause to be filed, in the same office where his location notice was filed, a notice of his desire to hold the claim. Tally on June 26, 1944, prepared such a notice, signing it "W. D. Cluff by M. E. Tally, agent" and filed it with the County Recorder of Pinal County.

Mrs. MacDonald, the defendant, first went on the claims in the summer of 1944 to look them over. By March 7, 1945 she decided the Arnette claim was abandoned and filed a location notice substantially covering that claim. She hired men to construct monuments and do the discovery work. She also hauled several truck loads of perlite from the claim. When this was called to plaintiff's attention, he protested to defendant. In April she had Walker go over the claim with her, and on May 23 she filed an amended location notice. Plaintiff had his attorney send a quit-claim deed for her signature and upon her refusal to sign this deed, he brought suit to quiet his title to the Arnette.

The judge, sitting without a jury, found for plaintiff. Defendant appeals from the judgment and from the order denying a motion for a new trial.

■ Defendant's first assignment of error is that the lower court erred in making the following "findings": "The Court finds that all the legal requirements were met in originally locating the Arnette Mining Claim, including length, width, and depth of the discovery shaft thereon;" because the evidence disclosed that the discovery shaft was less than 8 feet deep. This assignment is without merit because there was evidence that the discovery shaft was more than 8 feet deep. This court has held repeatedly that where there is evidence in the record to sustain the lower court's findings, we will not disturb the judgment predicated thereon. Egeland v. Jewell, 50 Ariz. 140, 69 P.2d 804; Allen v. Whiting, 58 Ariz. 273, 119 P.2d 240; Solomon v. Solomon, 62 Ariz. 311, 157 P.2d 605; Gillespie Land & Irrigation Co. v. Jones, 63 Ariz. 535, 164 P.2d 456; Anderson v. Artesia Investment Co., 66 Ariz. 335, 188 P.2d 455.

■ Defendant contends, however, that this court must disregard testimony of witnesses which is patently untrue in the light of physical facts. Cope v. Southern Pacific Co., 66 Ariz. 197, 185 P.2d 772. Applying that rule to this situation does not help defendant since there was valid evidence to sustain plaintiff's position that the discovery hole was 8 feet or more deep in 1942. The evidence showed that the original discovery shaft was sunk on a slight

rise or knoll which was higher than the immediate surrounding countryside. From the discovery shaft there was hauled off some 150 tons of perlite, which came from an area larger in circumference than the discovery hole, and therefore the slight rise or knoll was removed. Such a removal would naturally reduce the depth of the hole. Defendant's evidence of the condition of the hole 2 years and 4 years later would not prove the hole was less than 8 feet deep in 1942 when the original discovery shaft was sunk.

Defendant's second assignment of error is that the court erred in its judgment and finding that plaintiff complied with the law providing for waiver of assessment work for 1944-1945 because plaintiff did not personally sign and file his notice of desire to hold the claim, but rather had it done by M. E. Tally and D. R. Walker, his agents. Hatch v. Leighton, 24 Ariz. 300, 209 P. 300 was decided under a similar enactment—Resolution of Congress passed Oct. 5, 1917, 40 Stat. 343, suspending the annual assessment work for the years 1917 and 1918 providing that "every claimant of any such mining claim * * * file or cause to be filed in the office where the location notice or certificate is recorded * * * a notice of his desire to hold said mining claim under this resolution." The agent made, signed, and filed the affidavit of exemption for the principal, and this court in effect held that such an affidavit was sufficient to hold the claim for the principal.

Appellant admits that the agent may *file* the affidavit, but she contends that the agent may not make and sign it. An agent may make the original location of the claim and may make and sign the location notice which is posted and filed.

"All the acts of location required to be performed, including discovery, may be done by any agent or employee of the locator, or by any person in his behalf and for his benefit." 2 Lindley on Mines, Sec. 331, p. 756.

" * * * It is settled law that any person who * * * desires to locate a mining claim is not required to act in person, but may employ an agent or attorney to act for him. As a matter of fact, there need be no actual employment in advance of the location; a subsequent ratification of the act is entirely sufficient, * * *." 36 Am.Jur., Mines and Minerals, Sec. 81, p. 336.

The annual labor may be done by the owner, or by some one in privity of title with him, including work gratuitously contributed. 3 Lindley on Mines, Sec. 663, p. 1573; Morrison's Mining Rights, 16th Ed., p. 114. In Whitwell v. Goodsell, 37 Ariz. 451, 295 P. 318, an option holder did the annual assessment work, and this court held it inured to the benefit of the owner. 36 Am.Jur., Mines & Minerals, Sec. 633, p. 366, states the rule to be:

"While performance of the obligation by a stranger to the title or a trespasser does not inure to the benefit of the claim

holder, it is well settled that compliance by a person in privity with him or by an employee at his request is wholly sufficient, even though the work is never paid for."

3 Lindley on Mines, Sec. 633, confirms the rule as does Nesbitt v. De Lamar's Nevada Gold Min. Co., 24 Nev. 273, 52 P. 609, 53 P. 178, 77 Am.St.Rep. 807, writ of error dismissed in De Lamar's Nevada Gold Min. Co. v. Nesbitt, 177 U.S. 523, 20 S.Ct. 715, 44 L.Ed. 872.

Application for a patent may be made and verified by an agent if his principal is temporarily outside the mining district or is a nonresident. 30 U.S.C.A. § 29, 17 Stat. 92. An agent may likewise make an adverse claim, but his authority to do so must be in writing. 30 U.S.C.A. § 30, 17 Stat. 93.

An agent may thus perform any of the steps in acquiring patented mining land. His authority is unrestricted until actual application for the patent is made, and he may do that if his principal is a nonresident or absent. There is no good reason why he should not be able to make and sign an affidavit for waiver of annual assessment work, particularly if his principal is a nonresident as here. The essentials are good faith, an absence of fraud or deceit, and no intention to abandon the claim. Donoghue v. Tonopah Oriental Min. Co., 45 Nev. 110, 198 P. 553, 15 A.L.R. 937.

Defendant's third assignment of error is that the court erred in making the following finding: "The Court further finds that there is no evidence of the discovery of 'mineral in place' in the discovery shaft of the Glencoe Claim." There is no error in that finding because the evidence amply sustains it. It is true there was indication of ore on the Glencoe because defendant hauled some 30 truck loads from it; but it will be recalled the Glencoe is essentially the same ground as the Arnette, and there is no dispute that ore was in place on this claim. Therefore, defendant's third assignment is without merit.

Affirmed.

UDALL, STANFORD, and PHELPS, JJ., and DON T. UDALL, Superior Judge, concur.

Note: Chief Justice LA PRADE being ill, Hon. DON T. UDALL, Judge of Superior Court, Navajo County, was called to sit in his stead.