[Civ. No. 4489.   Fourth Dist.   Jan. 28, 1953.]

VICTORIA BEEBE, Respondent, v. O. W. RICHARDS et al., Appellants.

Tudor Gairdner and Eugene E. Therieau for Appellants.

Willard H. Winder for Respondent.

MUSSELL, J.—Plaintiff lived in Palm Springs and, under an oral lease, operated a beauty salon at the Del Tahquitz Hotel. The beauty parlor was operated on a seasonal basis and the rent was paid one-half at the beginning of the season and the balance when the season ended. The lease covered an empty room in the hotel and plaintiff moved in equipment consisting of four driers, four drier bowls, two manicure tables, one shampoo bowl, three dresserettes, five mirrors and other miscellaneous items. Plaintiff attached the shampoo bowl, the dresserettes and the mirrors to the walls of the room by means of lag screws or bolts and installed a Neon sign over the beauty salon.

On March 24, 1950, defendant Richards, manager of the hotel, and employed by the owner, J. H. Norman, in a conversation with plaintiff, informed her that he had orders to raise her rent or require her to move. When plaintiff inquired as to how long she had to move, Richards replied ''Immediately.'' Plaintiff then procured a truck and hired a man to move her equipment. On the night of March 24th, about 8 o'clock p.m., while plaintiff was moving her equipment, Henry Norman, an employee of the hotel, and defendant Richards, prevented the plaintiff from removing her property and locked the driers, drier bowls, dresserettes, mirrors, shampoo bowl and manicure tables in the shop. Demand was then made on plaintiff for the sum of $21.68 rent claimed to be due to March 24th. Plaintiff complied with the demand by tendering her check therefor, which was refused. The impounded equipment was removed by the constable by virtue of a court order on April 6th and retained by him until April 10th, when he delivered it to plaintiff.

Plaintiff filed this action on April 4, 1950, claiming the property or its value and damages for its detention. The trial court gave plaintiff judgment for the possession of the property and damages in the sum of $366.45.

■ Appellants argue that the court erred in finding that none of the articles were so attached as to become part of the realty. The evidence was sufficient to support the finding that the said articles were trade fixtures. As such, they were removable by the plaintiff. (Civ. Code, §1019; 12 Cal.Jur. 577.) ■ Whether they were removable without injury to the freehold was largely a question of fact. (*Borchers Bros. Co.* v. *Ciaparro*, 211 Cal. 507, 511 [295 P. 1035].)

We find no merit in defendants' contention that the court erred in finding that plaintiff suffered damages from the wrongful acts of the defendants and in fixing the damages in the sum of $366.45. The sum of $54.45 (constable's charges) was included in this amount, apparently by stipulation and a pretrial court order. ■ The allowance of $300 as additional charges is supported by plaintiff's testimony that she was deprived of the use of her equipment and that her earning power was thereby affected; that she could not operate her business and that the net earnings of the shop were approximately $150 per week; that defendants removed the Neon sign and transformer and put them in the trash at the rear of the hotel; that the sign was worth $125 and that plaintiff did not recover it. Likewise, there was no error in rendering judgment against the three defendants since there was evidence that J. H. Norman was the owner of the hotel and the other two defendants were his employees, acting as managers for him.

Defendants contend that the trial court erred in its finding that plaintiff tendered the delinquent rent and that the defendants refused said tender. In this connection plaintiff testified that the rent was payable one-half at the beginning and the balance at the end of the season, about the middle of May; that when she and defendant Richards were arguing about the rent, Richards estimated the amount due as the sum of $21.68; that she "went to write him a check and he refused it." The evidence was sufficient to support the questioned finding. ■ However, the record shows that plaintiff agreed to pay the rent in the amount stated and that it has not been paid. The question of whether defendants should be allowed a credit for this amount was presented by the

evidence and the allegations of the counterclaim. No finding was made on this material issue.

The court also failed to find on the issue raised in the counterclaim as to damage to defendants' property alleged to have been caused by the removal of the trade fixtures. There was evidence that the walls of the leased premises were damaged by the constable in the process of removing the lag screws by which the fixtures were held in place. There is some indication in the record that the constable removed the property by virtue of a court order but the order is not in evidence nor are the proceedings by which the property was taken before us. Whether defendants suffered damages by the removal of the property which were allowable as a counterclaim is a question which should have been covered by appropriate findings and conclusions. ▮ As was said in *Severance* v. *Knight-Counihan* Co., 29 Cal.2d 561, 576 [177 P.2d 4, 172 A.L.R. 1107]: "It is the settled law in California that where an action is tried before the court without a jury, in the absence of a waiver, findings are required upon all material issues presented by the pleadings and the evidence. If the court renders judgment without making such findings, the judgment must be reversed. (*Fairchild* v. *Raines,* 24 Cal. 2d 818, 830 [151 P.2d 260]; *James* v. *Haley,* 212 Cal. 142, 147 [297 P. 920]; *Wilcox* v. *Sway,* 69 Cal.App.2d 560, 564 [160 P.2d 154]; *Bertrand* v. *Pacific Electric Ry. Co.,* 46 Cal. App.2d 7, 13 [115 P.2d 228].)''

We conclude that the trial court erred in failing to make findings on the material issues presented by the counterclaims herein.

Judgment reversed for the purpose of determining the issues raised by the counterclaims.

Barnard, P. J., and Griffin, J., concurred.