[Civil No. 2497. Filed October 28, 1926.]

[250 Pac. 354.]

ELMER WARREN, Appellant, v. HATTIE L. MOSHER, as the Surviving Partner of the Firm of WILLIAM B. LOUNT and HATTIE L. MOSHER, Doing Business Under the Name of CITY ICE DELIVERY COMPANY, and C. P. LEE, as Receiver of Said CITY ICE DELIVERY COMPANY, Appellees.

Messrs. Alexander & Christy, Mr. Hess Seaman and Mr. Robert McMurchie, for Appellant.

Mr. W. T. Sprowls and Mr. John W. Ray, for Appellees.

LOCKWOOD, J.—William B. Lount and Hattie L. Mosher, his sister, had for many years been co-partners and doing business under the name of the City Ice Delivery Company, within the city of Phoenix. The active management of the partnership up to the year 1918 had been in Lount. About that time he removed to the state of California, and only returned for periodical visits, leaving Eugene Jackson, Howard Brazee and Fred Warren in charge of the actual operations of the business, the first being the head of the manufacturing department, the second of the office and bookkeeping and the third of the delivery of the ice to the customers of the partnership, while Elmer Warren, hereinafter called plaintiff, was also an employee.

In 1919 Lount wrote in one of the books of the partnership the following:

"Phoenix, Arizona, March 12, 1919.

"After deducting ten thousand dollars from the gross proceeds of the year 1919 the company will pay as a bonus to Eugene Jackson, Fred Warren, Elmer Warren, and H. J. Brazee, 3 per cent, each of the remaining proceeds or to such of them that are with the company at the end of the year.

"CITY ICE DELIVERY COMPANY,
"By W. B. LOUNT."

In 1920 the following entry was made underneath the former one:

"Continued for 1920.
"CITY ICE DELIVERY COMPANY,
"By W. B. LOUNT, Mgr."

Substantially the same entries were made for 1921, 1922 and 1923, except that the percentage was raised to three and one half per cent. In 1924 the following entry was made:

"Beginning with 1924 the City Ice Delivery Company will pay as a bonus to Eugene Jackson, F. E. Warren, Elmer Warren and H. J. Brazee, one-half of the gross proceeds after deducting ($8,000) eight thousand dollars from the operating profits. Said bonus to be divided equally among those above named who are working for the City Ice Delivery Company at the end of the calendar year.

"This bonus to remain in full force and effect until countermanded.

"CITY ICE DELIVERY COMPANY,
"By W. B. LOUNT, Mgr."

In September, 1924, Lount died, and Mrs. Mosher as the surviving partner took over the control and management of the business affairs and property of the firm. All of the four parties named in the agreement as entitled to a bonus remained in the service of the City Ice Delivery Company for the balance of the calendar year. Mrs. Mosher, whom we will hereinafter call defendant, at the end of the year refused to pay any bonus whatever, and plaintiff

brought suit against her for the amount of the bonus due him, it being admitted that if anything were payable under the agreement it would be $1,196.37. The case was tried to the court without a jury, and judgment was duly rendered in favor of defendant, no findings of fact being filed. An appeal has been taken to this court by plaintiff.

There are in substance two assignments of error, one that the court erred in admitting a certain letter; and, second, that under the undisputed evidence as a matter of law plaintiff was entitled to judgment. We are met in the first place with the very common condition of a judgment with no findings of fact. Under these circumstances, as we have held repeatedly, we must assume that the court made every finding of fact necessary to support the judgment, and that these findings were correct, if there is any evidence in the record to sustain them. *Blackford* v. *Neaves*, 23 Ariz. 501, 205 Pac. 587; *Brown* v. *Peterson*, 27 Ariz. 418, 233 Pac. 895. It has therefore been necessary for us to read carefully the entire reporter's transcript of the evidence given before the trial judge.

We think it is unnecessary to consider the first assignment of error, as the case in our opinion should be disposed of on a point which renders it immaterial as to whether or not the court properly admitted the letter objected to. Briefly stated, the evidence, taken in the most favorable light for defendant, as we must take it under the foregoing rule of law, shows, in addition to the facts stated by us above, the following:

Plaintiff herein and his brother, Fred Warren, were brothers-in-law of William B. Lount. For many years defendant had felt her brother was pursuing a policy of unjustified nepotism in the management of the ice company, and particularly so as to plaintiff herein. She had protested against

this both to her brother and the other employees of the company in the strongest possible manner, and had stated she would not be responsible for any payments made to plaintiff in excess of the amount paid him prior to 1919. Both plaintiff and her brother were notified specifically of this last attitude on her part. Again in 1924, as soon as she learned that her brother intended to pay a bonus as set forth in the entry in the books, made by him, she protested emphatically to him, and as a matter of fact at all times the payment of a bonus instead of a fixed salary to the employees of the ice company was contrary to her wishes, though she had no knowledge that any regular bonus was being paid, and particularly to plaintiff, until March, 1924. As soon as she assumed the management of the partnership after the death of her brother, she informed the employees that no bonus would be paid by her or by the company, and she has persistently and consistently maintained that attitude until the present time.

The question is, therefore, whether under these facts as a matter of law Lount had the right to bind the partnership to pay plaintiff the bonus in question. It is of course elementary that each partner is the general agent of the firm in contracting for the services of third persons when the employment of such persons is an act done in the ordinary course of business of the partnership, and the firm is also bound by a contract of this kind when the conduct of the other partner gives the third person the right to assume the contract is within such scope. But when the contract is not made in the ordinary course of the partnership business, either actually or impliedly, it does not bind the firm. 30 Cyc. 490. Nor do we think there is any reasonable doubt that a contract of employment whereby the employee is to be paid a certain salary by the week or month, or some other stated period, and in addition thereto

a bonus in case he serves for a specified length of time, is valid as against the objection that the bonus is a promise of a mere gratuity, and if the employee does serve the proper length of time he may recover the bonus. *Scott* v. *Duthie & Co.,* 125 Wash. 470, 28 A. L. R. 328, 216 Pac. 853.

If there is but a single employer, or, in case of a partnership, all the partners agree to the bonus, we see no reason why it should not be valid in the absence of fraud, even though it amounts to the entire profits of the business. A man may do as he will with his own, and if he chooses to give or contract it away, so long as it does not interfere with the rights of others, the contract will stand. There is a difference, however, between a contract which attempts to bind a partnership, made by one of several partners alone, and an individual agreement. In the latter case, as we have stated, the parties may do as they will. In the former, however, since the contracting partner is dealing not only with his property but with that of another, the agreement must be a reasonable one, and such as would be considered by the ordinary business man to be natural and proper and within the scope of the business involved. If a bonus promised by one partner is so great that it would appear unreasonable to the ordinary man, the contract is not binding upon the partnership in the absence of some special showing, either that all the partners ratified it, or that under the peculiar circumstances of the case it was a reasonable one. Each case, of course, must be judged by its own facts, but we are decidedly of the opinion that it is not within the ordinary course of any business to divide fifty per cent of the profits thereof among four employees, even after deducting a fixed sum for the partnership. To make an agreement such as the one in question bind a partnership there must be a showing of extraordinary circumstances.

As we stated before, every question of doubt on the evidence must be resolved in favor of the judgment, and we cannot say affirmatively that the trial court would not have been justified on the testimony before it in finding that the contract for a bonus upon which plaintiff seeks to recover was so out of the ordinary course of business and so unreasonable that it could not bind the partnership.

The judgment of the superior court of Maricopa county is affirmed.

McALISTER, C. J., and ROSS, J., concur.