## SHAVER *v.* ASSOCIATED TRUCK LINES.

1. AUTOMOBILES—STREET—QUESTION OF FACT—INTERSECTIONS.

    Whether or not passageway was a street within meaning of motor vehicle act and thereby created an intersection with avenue on which vehicles were operated by plaintiff and defendant driver *held,* a question of fact under evidence presented (1 Comp. Laws 1929, § 4707, as amended by Act No. 318, Pub. Acts 1939).

2. SAME—MOTORCYCLES—CONTRIBUTORY NEGLIGENCE—PASSING AT INTERSECTION.

    Where passageway into which defendant truck driver made left turn at time of collision was not a public "street" within meaning of motor vehicle act, plaintiff motorcyclist would not be guilty of contributory negligence as a matter of law in attempting thereat to pass a moving vehicle at an "intersection" as such term is defined in the act (1 Comp. Laws 1929, § 4693, as amended by Act No. 318, Pub. Acts 1939).

REFERENCES FOR POINTS IN HEADNOTES

[1, 5] 5 Am. Jur., Automobiles, § 288.

[1] What is street intersection within traffic statute or regulations. 31 A.L.R. 488, 78 A.L.R. 1198.

[2, 5] Automobiles; duty at private crossing or driveway. 24 A.L.R. 946.

[2, 5] Reciprocal duties of drivers of automobiles or other vehicles proceeding in the same direction. 24 A.L.R. 507, 47 A.L.R. 703, 62 A.L.R. 970, 104 A.L.R. 485.

[2] 5 Am. Jur., Automobiles, §§ 282, 408, 439.

[3] 3 Am. Jur., Appeal and Error, §§ 895 *et seq.,* 954.

[4] 3 Am. Jur., Appeal and Error, §§ 900, 901, 954.

[6] Overcrowding motorcycle or riding in unusual position thereon as affecting liability for injury or damage. 104 A.L.R. 312, at p. 320.

[6] 5 Am. Jur., Automobiles, § 62.

[6] 3 Am. Jur., Appeal and Error, § 835.

[7] 12 Am. Jur., Continuances, § 23.

[8] Excessiveness of verdict in action by person injured, for fracture of leg. 46 A.L.R. 1230, at p. 1346; 102 A.L.R. 1125, at p. 1393.

[8] 15 Am. Jur., Damages, §§ 206, 219.

3. APPEAL AND ERROR—NONJURY CASE—QUESTION OF FACT—FINDING—EVIDENCE.

On appeal in a nonjury case in which questions of fact have been presented but no specific findings of fact made, it is assumed that every finding of fact was made which was necessary to support the judgment provided there is sufficient evidence in the record to sustain such findings (3 Comp. Laws 1929, § 14265; Court Rule No. 37, § 11 [b] [1945]).

4. SAME—NONJURY CASE—FINDINGS OF FACT—EVIDENCE.

Findings of fact in a nonjury case will not be reversed unless the evidence clearly preponderates in the opposite direction.

5. AUTOMOBILES—FINDINGS OF FACT—INTERSECTIONS—WRONG SIDE OF ROAD—EVIDENCE.

Evidence in nonjury case supported findings of fact that one street was a continuation of another street so that there was not an intersection at place where accident occurred and that plaintiff motorcyclist, in attempting to pass defendants' truck had not crossed to left of center line of street on which both were travelling (1 Comp. Laws 1929, § 4693, as amended by Act No. 318, Pub. Acts 1939).

6. APPEAL AND ERROR—QUESTIONS REVIEWABLE—TWO RIDERS ON SINGLE-SEATED MOTORCYCLE.

Claim that plaintiff motorcyclist violated statute barring carriage of more persons at one time than number for which vehicle was designed and equipped and that riding two on a single-seated motorcycle contributed to accident was injected into case too late, where it first appears in defendants' brief on appeal (Act No. 318, § 34b, subd. [b], Pub. Acts 1927, as added by Act No. 318, Pub. Acts 1939).

7. WITNESSES—NONAPPEARANCE—APPREHENSION—CONTINUANCE.

In nonjury trial of personal injury case arising out of collision between plaintiff's motorcycle and defendants' truck, where defendants' counsel stated they had subpoenaed a witness who did not appear, yet did not ask to have case continued until witness could be produced or apprehended, failure to obtain her testimony under the circumstances was not reversible error (3 Comp. Laws 1929, § 14229).

8. DAMAGES—BROKEN LEG—HOSPITAL AND MEDICAL EXPENSES—LOST WAGES—PAIN AND SUFFERING.

Judgment of $5,000 in personal injury case *held*, not excessive, where plaintiff motorcyclist broke his leg and had $266.80 hospital and medical bill, had already lost $1,953.60 in wages

and would lose at least $422 more, the allowance of $2,357.60 for pain and suffering being within the sound judgment of the trier of the facts.

Appeal from Kalamazoo; Weimer (George V.), J. Submitted June 15, 1948. (Docket No. 45, Calendar No. 44,113.) Decided September 9, 1948.

Case by Dennis Shaver against Associated Truck Lines, a corporation, and Robert Rouse to recover damages for personal injuries. Judgment for plaintiff. Defendants appeal. Affirmed.

*Mason, Stratton, Kent & Wise,* for plaintiff.

*Mitts & Smith,* for defendants.

SHARPE, J.  Plaintiff brought an action to recover damages for personal injuries sustained by him in a traffic accident occurring about 1 p.m., on May 13, 1947, on a street known as East Michigan avenue in the city of Kalamazoo.

Each Michigan avenue runs east from its intersection with Kings highway for a distance of approximately two blocks at which point it curves to the north and goes under the New York Central bridge. At the beginning of the curve Mills street begins and runs on to the east for a distance of about two blocks. Michigan avenue has a traveling width of 50 feet and is sufficiently wide for four lanes of traffic, permitting two lanes of traffic in each direction. At the beginning of the turn to the north on East Michigan avenue, Ampersee street, an unimproved and ungraded road runs north to the railroad tracks and into the property of the Consumers Power Company.

On the day in question, plaintiff and a friend were traveling on a motorcycle in an easterly direction on East Michigan avenue and at the intersection of East

Michigan avenue and Ampersee road collided with a truck owned by defendant company and driven by defendant Robert Rouse. As a result of this collision, plaintiff driver of the motorcycle was thrown to the street, suffered a broken right leg and lacerations on the left arm. He was confined to the hospital for six days and had a cast on his leg for 28 weeks and a walking cast for six more weeks. At the time of the collision, plaintiff was employed by the Kalamazoo City Bus Lines as a bus driver at an hourly rate of pay of $1.10. He worked 48 hours per week.

When the cause came on for trial before the court without a jury, plaintiff introduced evidence to show that on the day in question he was driving a motorcycle in an easterly direction on East Michigan avenue, carrying a passenger on the same seat with him; that there wasn't any traffic in that particular vicinity except defendants' truck which was also traveling in an easterly direction at a rate of speed of 20 miles per hour; that the truck was traveling on the south side of Michigan avenue; and that the distance from the left side of the truck to the center of Michigan avenue was approximately 10 feet; that as the truck approached Mills street, plaintiff attempted to pass the truck, but the driver of the truck made a sharp turn to the left without giving any signal or warning that he intended to make a left turn into Ampersee road; that as plaintiff approached the cab end of the truck plaintiff was traveling at a speed of 25 miles per hour and was about three feet from the left side of the truck; and that the truck turned when plaintiff was opposite the cab and to the right of the center of East Michigan avenue.

Defendants offered evidence tending to show that the truck, while traveling on East Michigan avenue,

traveled close to the center of the street. The driver of the truck testified:

"The left side of my vehicle was right next to the center line as I traveled up to the intersection before I started to turn. * * * There was not room enough for any vehicle to pass my vehicle from the time I left Kings highway up to the time I started to make a turn and still be on the right hand side of the center line. As I came up to Ampersee avenue, I started slowing down about 40 feet from the entrance of Ampersee avenue and I had my hand out and had my foot on the brake and then I was to make my turn."

The trial court after hearing the evidence rendered a judgment in favor of plaintiff in the sum of $5,000. The trial court found as a fact that plaintiff was free from contributory negligence and defendants' driver was guilty of negligence.

In appealing defendants urge that plaintiff was guilty of contributory negligence as a matter of law in attempting to pass on the north or left of the center of a highway at a street intersection in violation of Act No. 318, § 15b, Pub. Acts 1927 (1 Comp. Laws 1929, § 4707), as amended by Act No. 318, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 4707, Stat. Ann. 1947 Cum. Supp. § 9.1575), which provides in part that no vehicle shall at any time be driven to the left side of the highway "when approaching within 100 feet of or traversing any intersection or railroad crossing." Defendants also urge that this accident happened at the intersection of Ampersee street and East Michigan avenue and also Mills street which is a continuation of East Michigan avenue beyond the corner of US-12 as it makes the left turn to go under the viaduct. Section 1 (p) of the same act*

---

* Act No. 318, Pub. Acts 1927 (1 Comp. Laws 1929, § 4693), as amended by Act No. 318, Pub. Acts 1939 (Comp. Laws Supp 1940, § 4693, Stat. Ann. 1947 Cum. Supp. § 9.1561).

defines an "intersection" as "The area embraced within the prolongation of the lateral curb lines or, if none, then the lateral boundary lines of 2 or more highways which join one another at an angle, whether or not 1 such highway crosses the other."

Of some importance is the determination of whether or not Ampersee street is a public highway within the meaning of the statute. Under subsection (n) of section 1 of the act,[*] street or highway is defined as "the entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel." The trial court, in speaking about Ampersee street, stated:

"The term 'avenue' or 'street' is a misnomer for that lane or private drive or alley or whatever it is. It is in no sense a city street. It isn't maintained by the city. It doesn't go anywhere except to the rear of the Consumers Power plant. It isn't used by the traveling public generally, and it is in substance and effect nothing more or less than a private drive."

Whether Ampersee road is a street within the meaning of the statute and, thereby, creating an intersection with East Michigan avenue presents a question of fact. The trial court found as a fact that it is not such a public street. We accept that finding of fact. It follows that plaintiff cannot be charged with contributory negligence as a matter of law in attempting to pass a moving vehicle at the so-called intersection of Ampersee street and East Michigan avenue.

The trial court did not make a clear finding of fact as to whether or not Mills street forms an intersection with East Michigan avenue, nor whether plaintiff in attempting to pass the truck went across the

* Act No. 318, Pub. Acts 1927 (1 Comp. Laws 1929, § 4693), as amended by Act No. 318, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 4693, Stat. Ann. 1947 Cum. Supp. § 9.1561).

center line of East Michigan avenue towards the north.  The record would justify a finding of fact that plaintiff did not cross the center line of East Michigan evenue in attempting to pass the truck and there is also evidence that Mills street is a continuation of East Michigan avenue and therefore does not form an intersection with East Michigan avenue. In rendering judgment for plaintiff we must assume that the trial court found these disputed questions of fact in favor of plaintiff.

In *Shapkow* v. *Brown,* 300 Mich. 678, the Court said :

"It is suggested, however, that it is not clear whether the trial judge found that the guest relationship existed as a matter of fact or as a matter of law. The opinion does not state upon which ground decision was based.  Assuming a question of fact was presented, we are governed by the general rule that, in the absence of a finding of fact by the trial court, we must assume that every finding of fact was made which was necessary to support the judgment, provided there is sufficient evidence in the record to sustain such finding.  See 3 Am. Jur. p. 516, Appeal and Error, § 954 and *Warren* v. *Mosher,* 31 Ariz. 33 (250 Pac. 354, 49 A.L.R. 1311).  See, also, Court Rule No. 37, § 11(b) (1933),* and 3 Comp. Laws 1929, § 14265 (Stat. Ann. § 27.994).

"There was sufficient evidence to support the findings of fact of the trial judge."

The questions of the contributory negligence of plaintiff and the negligence of defendants are questions of fact.  The trial court chose to place more credence in the evidence offered by plaintiff than in the evidence offered by defendants and resolved the questions of fact in plaintiff's favor.  It is well-settled law that the findings of fact made by the trial court

---

* Court Rule No. 37, § 11 (b) (1945) is the same as the 1933 rule above cited.—Reporter.

will not be reversed unless the evidence clearly preponderates in the opposite direction. See *Vannett v. Michigan Public Service Company,* 289 Mich. 212. In the case at bar we find competent evidence to support the findings of fact of the trial court. We are not able to say that the evidence submitted clearly preponderates in favor of defendants.

Defendants also urge that plaintiff violated section 34b, subsection (b), of the motor vehicle law* which section was added thereto by Act No. 318, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 4726-2, Stat. Ann. 1947 Cum. Supp. § 9.1594[2]), and provides: "No bicycle or motorcycle shall be used to carry more persons at 1 time than the number for which it is designed and equipped;" and that the riding of two on a "bike" was a contributing factor to the accident. This claim was not raised in the pleadings, is not mentioned in the record and first appears in defendants' brief. It is now too late to inject this issue into the case.

It is also urged that the trial court should have obtained the testimony of Mary Lou Dokey by virtue of the provisions of 3 Comp. Laws 1929, § 14229 (Stat. Ann. § 27.924). It appears that the above-named person was subpoenaed as a witness for defendants, but failed to appear when the cause was tried. At the close of defendants' case, defendants' attorney made the following statement relative to this person:

"I talked with the Detroit office and they subpoenaed this young lady for me. They said they had subpoenaed her and paid her the fees and that she had promised to be here. Of course, she promised once before and didn't appear, so we are unable to have her here for the court to examine. She was a corroborating witness to some extent to the testi-

* Act No. 318, Pub. Acts 1927.

mony of Mr. Clark. She was in his car and we hoped to have her here. Outside of her, our testimony is concluded."

It appears from the record that defendants' counsel did not ask to have the case continued until the witness could be produced or request the court to invoke the provisions of the statute to apprehend the witness. The inaction of defendants' counsel to make either request precludes favorable consideration of this claim at this time.

It is also urged that the verdict of $5,000 is excessive. It appears that plaintiff's hospital and medical expenses were $266.80 and wages lost by reason of the injury at the time of the trial amounted to $1,-953.60. Dr. Howard testified that plaintiff should not return to work as a bus driver for at least two additional months entailing an additional loss in wages of at least $422. The allowance for pain and suffering would be $2,357.60. The amount of damages that should be allowed for pain and suffering must necessarily be left to the sound judgment of the trier of the facts. In our opinion the amount allowed plaintiff for pain and suffering was not excessive.

The judgment is affirmed, with costs to plaintiff.

BUSHNELL, C. J., and BOYLES, NORTH, BUTZEL, and CARR, JJ., concurred with SHARPE, J.

REID and DETHMERS, JJ., concurred in the result.