206 P.2d 573

**MAY et al. v. SEXTON.**

**PETTY et al. v. SEXTON et ux.**

**No. 4977.**

Supreme Court of Arizona.

May 23, 1949.

Glenn Ginn and Otho Books, of Tucson, for appellants.

C. Wayne Clampitt, of Tucson, for appellee.

THALHEIMER, Superior Judge.

The appellants are two out of three creditors who brought separate actions against the appellees and W. Frank Johnson, also known as W. F. Johnson, and Jane Doe Johnson, his wife, alleging them to be partners in the operation of a cement brick manufacturing business. No service of process being obtained upon the Johnsons, the actions were prosecuted against the appellees alone. On stipulation of the parties the three actions were consolidated and the claims of these appellants fixed at $402.94 and $327.10, respectively. After a trial to the court without a jury, the court held that no partnership existed and rendered judgment for the appellees. The appellants jointly appeal from this judgment; the plaintiff in the third action does not join in the appeal.

As evidencing the existence of the alleged partnership the appellants rely upon the testimony given at the trial by the appellee, Vernon H. Sexton. In substance, his testimony was that: he was a general contractor engaged in business in Tucson, Arizona; in January, 1946, he was in need of cement blocks or bricks and agreed to purchase them from Johnson and one Stewart who were commencing a cement brick manufacturing business; in February, 1946, on solicitation of Johnson and Stewart, who were short of funds, he paid a pay roll of their business with the understanding that in return he was to receive cement blocks at current market prices to the extent of his advancement as and when such blocks were manufactured; subsequently, on similar solicitation and with like understanding, until April, 1946, when the busi-

ness ceased operating, he paid other pay rolls as well as certain bills for materials for the business, and in all, including the pay roll paid in February, 1946, he advanced sums totaling $1200 or $1300 without receiving the cement blocks promised in return for such advancements.

The appellants make a single assignment of error, as follows:

"That the trial court erred in holding that the defendants V. H. Sexton and Lillian Sexton were not members of a co-partnership between V. H. Sexton and W. F. Johnson as a matter of law in the light of the evidence, and particularly the defendant's V. H. Sexton's own testimony."

■ To support the assignment, appellants rely upon this quotation from the decision rendered in Eastlick v. Hayward Lumber & Inv. Co., 33 Ariz. 242, 263 P. 936, 938, "that the existence of a partnership depends upon the facts, and whether a partner draws the correct conclusion from them cannot affect its existence in the least." We fail to see the applicability of this correct statement of a legal proposition to the instant situation. Here the trial court doubtless based its judgment upon all the evidence before it, being in no sense bound by any conclusion of appellee Sexton as to whether or not a partnership existed. The trial was before the court without a jury, and the court made no findings of fact. Under such circumstances we must presume that the court ignored immaterial evidence and considered only that which was relevant and competent. We further must presume that the court made all findings necessary to support its judgment. Shannon Copper Co. v. Potter, 13 Ariz. 245, 108 P. 486; Anderson v. Alabam Freight Lines, 64 Ariz. 313, 169 P.2d 865; Warren v. Mosher, 31 Ariz. 33, 250 P. 354, 49 A.L.R. 1311; Blackford v. Neaves, 23 Ariz. 501, 205 P. 587.

■ Appellants next and finally assert that if repayment of money advanced is contingent upon profits of the business the contract is one of partnership, and as authority for the proposition cite 47 C.J., Partnership, section 99, page 705. Inadvertently or otherwise appellants have incorrectly quoted such authority, the text of which in truth reads:

"* * * To constitute a loan the money advanced must be returnable in any event, and if it is not so repayable and constitutes a personal debt there is no partnership. It is not a loan if repayment is contingent upon the profits, for in such a case it is made not upon the personal responsibility of the borrower, but upon the security of the business; and where the money is so risked in the business, *it strongly tends to show that the contract was one of partnership*, and not a mere loan. * * *" (Emphasis supplied)

■ Since in this case repayment of advances made by the appellee, Vernon H. Sexton, was not contingent upon profits of the business, this proposition too is inapplicable.

In view of the disposition which must be made of this case we deem it unnecessary to discuss authorities submitted by the appellees.

After a careful consideration of the record and the evidence we are of the opinion that the facts are such that the trial court could not have held otherwise than that the alleged partnership did not exist.

Accordingly, the judgment of the trial court is affirmed.

UDALL and STANFORD, JJ., and RUSSELL, Superior Judge, concur.

Note: Chief Justice La PRADE being ill and Justice DeCONCINI having disqualified, the Honorable WALTER J. THAL-HEIMER, Judge of the Superior Court of Maricopa County, and the Honorable H. L. RUSSELL, Judge of the Superior Court of Coconino County, were called to sit in their stead.

PHELPS, Justice (specially concurring).

I concur in the results reached in the original opinion in this case but desire to state more fully my reasons therefor. In order to do so it will be necessary to briefly state the following facts:

In 1946 appellee V. H. Sexton was engaged in business in Tucson, Arizona, as a building contractor and was badly in need of brick or concrete blocks with which to build houses, and entered into a business arrangement with one J. A. Stewart and his brother-in-law, W. Frank Johnson, who were about to engage in the business of manufacturing concrete blocks, to purchase their entire output at the market price. Being short of funds Stewart and Johnson, a little later requested Sexton to pay certain outstanding obligations including rent, their weekly payroll and for certain materials purchased by them for which they were unable to pay. They agreed to repay Sexton therefor in concrete blocks which the business was then in the process of manufacturing. These advances were made by Sexton for four or five weeks. The business of manufacturing concrete blocks was a failure and within the course of a few months was discontinued.

Thereafter three separate causes of action were instituted in the Pima County Superior Court against W. Frank Johnson and V. H. Sexton, appellee herein, for the recovery of certain sums of money alleged to be due largely as a result of materials delivered to Johnson to be used in connection with the manufacture of said concrete blocks. All of the complaints allege in substance that the defendant Sexton and the said W. Frank Johnson were engaged in the concrete block manufacturing business as a copartnership doing business under the name of Sexton and Johnson, and pray judgment accordingly.

No service of process was had on Johnson in either case. Defendant Sexton and his wife answered and denied in substance that he was then or ever had been a co-

partner of the said W. Frank Johnson in said business and affirmatively alleged that he had advanced cash, goods and material to the said Johnson to be used in his business of manufacturing said concrete blocks and that he, Sexton, was himself a creditor of the said W. Frank Johnson. He expressly denied that he was indebted to plaintiffs or either of them in any sum whatsoever.

By stipulation of counsel the three causes of action were consolidated and proceeded to trial against defendant Sexton and his wife, Lillian. The trial court sitting without a jury, found all the issues in favor of defendants and returned judgment accordingly. From this judgment a joint appeal was taken to this court in only two of said causes of action.

The assignments of error and propositions of law relied upon by appellants are fully set forth in the court's opinion and repetition here therefore is unnecessary.

We might content ourselves with the principle of law firmly established in this court that the trial court is presumed to have made all the findings of fact necessary to support its judgment and that it considered only competent evidence in making said findings, or upon the principle equally well established that where there is a conflict in the evidence, if there is any substantial evidence to support the finding and judgment of the trial court, this court will not disturb or set aside such findings or judgment. But since counsel for appellants have devoted so much time and space to a discussion of the sufficiency of the evidence under the law to establish a partnership relation, I feel we should specially consider this phase of the case.

■ Appellants have adopted the testimony of defendant V. H. Sexton as their statement of facts in the case and expressly rely upon such testimony to establish the existence of the partnership relation between Sexton and Johnson. This is an admission that the testimony of Sexton constituting the statement of facts is true. Otherwise it would not be a statement of facts. While it is our duty under the decisions of this court to construe evidence most strongly in support of the judgment rendered, yet if we were to construe it in the strongest light possible against the defendant Sexton we fail to find anything in the statement of facts or in the transcript which would in any degree supply the elements required to constitute a partnership relation or as we view it which would even tend to establish such a status.

■■ There appears in said statement of facts no evidence whatever from which an inference can be drawn that defendant Sexton associated himself with W. Frank Johnson to carry on as co-owner with the said Johnson the business in question for profit. There is nothing in the evidence from which an inference can be drawn that there existed a community of interest in the business of manufacturing concrete blocks between Sexton and Johnson or

that there was a community of interest between them in the profits and losses of said business. Intent of the contracting parties to form a partnership is always an essential element of the partnership relation as between the parties themselves. It is only where the partnership relation is created by estoppel as to third parties that intent of the contracting parties is not essential to its creation. In such cases the court will determine the relation of the parties from the facts rather than from the conclusion of the copartners as to the nature of their business relations. Romero v. Dalton, 2 Ariz. 210, 11 P. 863.

Appellants next advanced the proposition that if the repayment of money advanced by Sexton to Stewart and Johnson was contingent upon the profits of the business, that the contract is one of partnership and as authority for this proposition cited an excerpt from 47 C.J., Partnership, sec. 99, at page 705, quoted hæc verba in the court's opinion. A reading of the entire section 99 clearly indicates that the author does not intend to be understood to mean that the mere provision in a contract, for example, that money advanced by A to C is to be repaid out of the profits of the business in which C is engaged would of itself create a partnership relation between A and C. The author simply states that it is a general rule that where nothing appears but the *furnishing* of money and a sharing in the profits, a partnership will be presumed but the presumption is prima facie only. This has no application to the facts in this case.

There is not a word in the evidence that Sexton was to share in the profits of the business with Johnson. The evidence is that he was to receive concrete blocks manufactured by Johnson in payment of the advances made by him to Johnson. He was to receive said blocks in payment of said advance regardless of whether there was or was not a profit realized from the business of manufacturing said concrete blocks.

In the case of Perkins v. Bethlehem Steel Corp., 3 Cir., 43 F.2d 334, at page 335 the court said:

"There is no proof that Isaac and Fogel ever shared profits, nor did Isaac ever say or do anything from which the libelant could legally infer that he was a partner of Fogel. The fact that in the contract whereby Isaac agreed to purchase the iron from Fogel, he agreed to advance money to cover the cost of material, freight, and haulage, is no ground from which the libelant can draw the conclusion that Isaac was a partner of Fogel."

See also Greif Bros. Cooperage Co. v. Mullinix, et al., 8 Cir., 264 F. 391.

The findings and judgment of the trial court are not only supported by substantial evidence but by the overwhelming weight of the evidence.

We also agree with the concurring opinion of Justice PHELPS: UDALL, J., and RUSSELL, Superior Judge.