89 Ariz. 68 (1960)
358 P.2d 172
In the Matter of the ESTATE of Mary Greene WISWALL, sometimes known as Mary G. Wiswall, Deceased.
Charles Harrison GREENE, Appellant,
v.
George A. WISWALL, Executor under the Will of Mary Greene Wiswall, Deceased, Appellee.
No. 6688.
Supreme Court of Arizona.
December 29, 1960.
*69 James V. Robins, Nogales, for appellant.
Gentry, McNulty & Kimble, Bisbee, for appellee.
UDALL, Justice.
This is an appeal from an order of the superior court directing the executor of the will of Mary Greene Wiswall to make a partial distribution of the estate by payment of certain specific bequests. By the terms of the will, the appellant is one of the residual beneficiaries and is also entitled to certain income benefits during the administration of the estate. Appellee moved to dismiss the appeal on the ground that appellant is not an aggrieved party within the meaning of Rule 73, Rules of Civil Procedure, 16 A.R.S.
Appellant resists the motion on three grounds. First, he alleges that certain obligations of the estate have not been paid and that their payment is mandatory before any distribution. Regardless of the merits of this allegation, appellant cannot be aggrieved by a failure to pay creditors of the estate before the payment of specific bequests. The time to attack the will has expired. These bequests will take precedence over the residual bequests to appellant. Because of the order of payment, the payment of these charitable bequests at this time can in no way reduce or affect the amount of appellant's residual interest. With one exception (to be discussed hereinafter) appellant does not attack the validity of these bequests, only their payment at the present time. If this distribution reduces the estate value below the amount necessary to pay creditors, they alone will be aggrieved. Appellant, not being a creditor, cannot assert their rights on appeal. See, Burmister v. City of Prescott, 38 Ariz. 66, 297 P. 443.
*70 Second, appellant seeks to show that he is aggrieved by alleging that the payment of $2,500 to Eva Greene Day as a special legatee was improper on the ground that her action in filing a suit to establish herself as a creditor of the estate worked a forfeiture of that legacy under the terms of the will. If that legacy is invalidated it will fall into the residual estate of which appellant is to receive one-sixth. Appellant first raised this issue on appeal. The proper place to have raised this matter was in the court below where Mrs. Day was present by counsel and the lower court could have ruled on the matter after proper argument. Appellant cannot acquire standing as an aggrieved party by raising issues not properly before this court. Valley Nat. Bank of Phoenix v. Siebrand, 74 Ariz. 54, 243 P.2d 771.
The third matter by which appellant claims to be aggrieved is the order of the court permitting the sale of certain income-producing railroad stocks. The only order made in this case was that the specific bequests be paid without prejudice to the rights of Eva Greene Day in cause No. 17003. The order permitting sale of the stocks was apparently made prior to the hearing out of which the present order arose and no appeal was taken therefrom. The matter is therefore closed and appellant cannot acquire standing in the present appeal by attempting to attack the previous order.
For the reasons given in this opinion the appellant is not an aggrieved party within the meaning of Rule 73, Rules of Civil Procedure. The motion to dismiss the appeal is therefore granted.
STRUCKMEYER, C.J., and BERNSTEIN and JENNINGS, JJ., concur.
PHELPS, J., did not participate in the determination of this appeal.