373 P.2d 353

In the Matter of the ESTATE of Joseph L. SHERRILL, Deceased.

Luetta RICE, Appellant,

v.

Florence R. GROSECLOSE, Appellee.

No. 7202.

Supreme Court of Arizona.

En Banc.

July 12, 1962.

T. J. Mahoney, Florence, Montgomery & Montgomery, Hobart, Okl., Hicks & Fancher, Hollis, Okl., for appellant.

Raymond E. Peterson, Casa Grande, Tolbert & Gillespie, Hobart, Okl., Irving Vincent, Florence, for appellee.

BERNSTEIN, Chief Justice.

Florence Rebecca Groseclose, appellee, on March 7, 1960, presented to the Pinal County Superior Court a petition to probate the holographic will of J. L. Sherrill, deceased, and asked that she be appointed administratrix with will annexed. Thereafter, on April 18, 1960, Luetta Gifford Rice, appellant, appeared and contested probate of the will on the grounds that it was not the last will and testament of decedent and that decedent was a resident of Oklahoma and left no estate in Pinal County. The contestant alleged that subsequent to the holographic will, decedent executed a formal will which was filed for probate in Oklahoma on March 15, 1960. However, appel-

lant appeared only as an heir of decedent and not as the proponent of another will or as personal representative of an estate pending in Oklahoma.

Appellant did not propose a subsequent will admitted to probate in Oklahoma and expressly declined to offer the claimed later will for probate. Her position was stated by her counsel in the lower court as follows:

"If this court has jurisdiction, and that is to be the ruling, then, Judge, the contestant excepts, and we don't intend to, in any way, enter our appearances on the merits of any will at this time; but will reserve the right after, or in case I should say, or in case your Honor should admit the will now offered for probate to effect an appeal to the jurisdictional question. We are not entering any appearance, and don't intend to enter any contest of the will."

No further appearance was made by appellant, nor did she contest the will on the merits.

The trial court made a finding that "the decedent at the time of his death was a resident of Pinal County, Arizona", admitted the will to probate and appointed appellee as administratrix with will annexed. Certain facts were presented to the trial court on stipulation: Decedent, a long-time resident of Oklahoma, came to Casa Grande, Arizona in 1956 and lived with appellee, a niece. At all times described there was real property in Oklahoma and New Mexico and personal property consisting of cash and a stamp collection in Arizona. In October 1957, appellee was appointed decedent's guardian by the Pinal County Superior Court. Thereafter in December 1957, decedent was hospitalized at Ft. Whipple Veterans Hospital, and a month later left the hospital to stay at Mesa, Arizona with appellant, also a niece. In May 1958 he returned to Oklahoma to stay with other relatives and died in Oklahoma two years later. During this latter period one Place Montgomery was appointed guardian of decedent by the Oklahoma court with the knowledge of and without contest by appellee, the Arizona guardian. It was contemplated that the Arizona guardianship would be terminated, but this was never done. Decedent was the recipient of a Veterans Administration pension which was paid to appellee as Arizona guardian during the periods described and appellee paid decedent's expenses in Oklahoma from this fund. Appellant further made an offer of proof of events upon which she bases a contention that decedent upon his return to Oklahoma was competent to and did form an intention to reside there permanently.

■ This appeal is founded on the ground that on her offer of proof decedent was in fact domiciled in Oklahoma and that only the state of domicile has jurisdiction.

to probate the last will and testament of a deceased person. While domicile alone is sufficient to confer jurisdiction to probate a will, Valley Nat'l Bank of Phoenix v. Siebrand, 74 Ariz. 54, 243 P.2d 771, it is not a required element in all cases. The power to grant probate of a will of a non-resident testator exists even though the will has not been presented for probate in the state of the domicile so long as there are assets within the jurisdiction to be administered. In re Holden's Estate, 110 Vt. 60, 1 A.2d 721, 119 A.L.R. 487; Annot. 119 A.L.R. 491; 57 Am.Jur.Wills, § 767; Restatement, Conflict of Laws, §§ 467 and 469; 95 C.J.S. Wills, § 352c. Cf. Smith v. Normart, 51 Ariz. 134, 75 P.2d 38, 114 A.L.R. 1456. This is the rule even though the only property within the jurisdiction is personalty, Wright v. Macomber, 239 Mass. 98, 131 N.E. 480. Such jurisdiction is inherent and exists independently of statute, In re Holden's Estate, supra. Arizona furthermore has the following statute, A.R.S. § 14–301 which provides:

"A. Wills shall be proved and letters testamentary or of administration granted:

\*     \*     \*     \*     \*     \*

"3. In the county in which any part of the estate is found, the decedent having died without the state and not being a resident of the state at the time of his death."

Our statute was adopted from that of California, West's Ann.Prob.Code, § 301, which has been construed to permit the California court to assume jurisdiction over the estate in California of a decedent although the legal residence was found to be New York. In re Glassford's Estate, 114 Cal.App.2d 181, 249 P.2d 908, 34 A.L.R.2d 1259.

■ The trial court made no finding as to whether decedent did or did not leave property in Pinal County. However the petition for probate alleges decedent left an estate in Arizona consisting of cash and a stamp collection in the aggregate value of $6,500.00, and the court set bond in that amount. The stipulation referred to shows that appellee, "guardian of the incompetent in Pinal County, Arizona, paid monthly support to Rufus and Ralph Sherrill for the support and maintenance of the ward up to the date of his death." Also, appellant's offer of proof indicates that after removal to Oklahoma, decedent retained property in the form of cash in Arizona. Thus, the record sustains the jurisdiction of the Pinal County court to admit the will to probate.

Appellant, however, argues that it was error for the court to refuse her offered evidence that decedent himself was capable of and did fix his residence as Oklahoma and that appellee as guardian consented thereto. Appellee's contention in support of the court's order is based on the proposi-

tion that being under guardianship, decedent was conclusively prevented from changing his domicile by his own action and without consent of his guardian and that the guardian could not legally consent to such a change without the permission of the court.

The legal residence of an adult competent person once established continues until it is superseded by a new one, Valley Nat'l Bank of Phoenix v. Siebrand, 74 Ariz. 54, 243 P.2d 771. The domicile of a person who becomes insane remains where it was established at that time, Commonwealth v. Kernochan, 129 Va. 405, 106 S.E. 367, 30 A.L.R. 601; Miller v. Nelson, 160 Fla. 410, 35 So.2d 288; Hayward v. Hayward, 65 Ind.App. 440, 115 N.E. 966. However, if he thereafter regains the capacity to form an intention to change his domicile, he may do so although there has been no judicial determination of his capacity, Restatement, Conflict of Laws, § 40; Talbot v. Chamberlain, 149 Mass. 57, 20 N.E. 305, 3 A.L.R. 254; Coppedge v. Clinton, 10 Cir., 72 F.2d 531; Annot. 30 A.L.R. 607. The Arizona statute defining incompetency, A.R.S. § 14–861 includes persons who are not insane, but merely unable to manage their own affairs properly. There was no finding that the decedent in this case was insane. That one is under guardianship does not prevent him from performing the acts of which he is in fact capable, Anderson v. State, 54 Ariz. 387, 96 P.2d 281, 126 A.L.R. 501; Concord v. Rumney, 45 N.H. 423; Hill v. Hopkins, 198 Ark. 1049, 133 S.W.2d 634. The Supreme Court of Oklahoma, on the facts of this case, has held that existence of a guardianship did not deprive the decedent of the capacity to acquire a new state domicile, Groseclose v. Rice, 366 P.2d 465 (Okl.1961).

The lower court therefore erred in rejecting appellant's offered evidence for the reasons that appellee as guardian had full control of the decedent and that intention and capacity of the decedent were not material. However, if this evidence had been admitted and accepted it would go to prove only one thing—that the court did not have domiciliary jurisdiction to probate the will. It would in no way diminish the jurisdiction of the court to probate the will under A.R.S. § 14–301(A) (3), supra, which authorizes non-domiciliary probate where any part of the decedent's estate is located in the county.

The appellant elected not to contest the will offered by the appellee on the merits, but stated that she would depend solely on her jurisdictional attack. She has voluntarily foregone any further defense on the merits and may not now be permitted a second chance to contest the will merely because the trial court ascribed an improper basis to its jurisdiction. A correct decision will not be disturbed or reversed, merely because the court gave a

wrong or insufficient reason therefor. American Eagle Fire Ins. Co. v. Van Denburgh, 76 Ariz. 1, 257 P.2d 856, Wigley v. Whitten, 78 Ariz. 88, 276 P.2d 517.

Judgment affirmed.

UDALL, V. C. J., STRUCKMEYER and JENNINGS, JJ., and R. C. STANFORD, Jr., Superior Court Judge, concur.

NOTE: LOCKWOOD, J., having disqualified herself, the Honorable R. C. STANFORD, Jr., Judge of the Superior Court of Maricopa County, Arizona, was called to sit in her stead and participate in the determination of this appeal.