Chester Daniel, Plaintiff-Appellee, v. Elgin, Joliet and Eastern Railway Company, a Corporation, Defendant-Appellant, and Harry Pearson, Defendant-Appellee.

Gen. No. 50,025.

First District, Fourth Division.

April 21, 1965.

Rehearing denied May 19, 1965.

Stevenson, Conaghan, Hackbert, Rooks & Pitts, of Chicago (W. Gerald Thursby, of counsel), for defendant-appellant.

Warren J. Hickey, of Chicago (Edward Wolfe, of counsel), for plaintiff-appellee.

MR. JUSTICE DRUCKER delivered the opinion of the court.

Defendant railroad appeals from a verdict and judgment in favor of plaintiff in the amount of $9,500. Plaintiff sued for personal injuries and damages to his automobile resulting from a collision between his car and defendant's train while plaintiff was driving west on 112th Street at and near a crossing of defendant's tracks. The fact of the occurrence on November 29, 1958, at that place was not denied in defendant's answer.

The evidence at the trial disclosed that 112th Street was a bumpy, dirt or cinder road used by plaintiff and other employees of the Great Lakes Carbon Corporation and by persons delivering to the plant; that the road was sometimes repaired by Great Lakes Carbon and at other times by unknown persons; that

there are no gates, watchmen, lighting, bells or flash-
ers at the crossing; that two cross buck signs are
placed at the crossing but there was no indication
as to who installed or maintained them.

Defendant's key argument for reversal is based on
the giving of Plaintiff's Instruction No. 7:

> Every railroad corporation shall cause a bell or
> a whistle or horn to be placed and kept on each
> locomotive to be rung or sounded by the engineer
> or fireman at a distance of at least one quarter
> mile from the place where the railroad crosses
> or intersects any public highway and shall be
> kept ringing or sounding until the highway is
> reached.
>
> If you find that the defendant violated the stat-
> ute on the occasion in question, then you may
> consider that fact together with all of the other
> facts and circumstances in evidence in determin-
> ing whether or not the defendant was negligent
> immediately before and at the time of the oc-
> currence.

It is contended that by this instruction the court
decided as a matter of law that 112th Street was a
public highway within the contemplation of the stat-
ute instead of submitting this question for jury de-
termination. Defendant cites from Chicago & A. R.
Co. v. Dillon, 123 Ill 570, 578, 15 NE 181:

> The objection to the first [instruction] is, that it
> "is singularly confusing." The greater portion
> of it is a mere statement of what the statute re-
> quires of railroad companies when crossing pub-
> lic highways, and the remaining portion simply
> tells the jury that *if they find, from the evidence,
> that the place of the accident was at a public
> highway crossing,* then it was the duty of the

416

defendant to ring the bell or sound the whistle, as required by the statute. In other words, the court told the jury what the statute enjoined, and then instructed them that it was the duty of the defendant to obey it, *if shown by the evidence to be within its provisions.* We perceive nothing in this that the most hypercritical could object to. (Emphasis supplied.)

In Cleveland, C., C. & St. L. Ry. Co. v. Baker, 106 Ill App 500, the evidence showed that the road had been in general use by the public, was much traveled for five years and was used extensively for hauling coal. The court approved this instruction:

If you find from the evidence that the crossing where the collision happened was a part of a roadway connecting two public highways, and that such roadway and crossing was opened to the free and general use of the traveling public, and that the same was at the time of the collision and prior thereto used by the public as public highways are ordinarily used by the public, and that the defendant railroad company knew these facts, and further, that the railroad company recognized such crossing in the manner of approaching and passing over said crossing, then for the purposes of imposing the duty on the defendant to comply with the statute in regard to giving signals, such crossings must be regarded as in the statute requiring signals, as explained in these instructions.

■ ■ No evidence was produced to show that 112th Street was a public highway by dedication. The title of "street" did not make it a public highway and the admission in defendant's pleadings that the accident happened on 112th Street did not give it that status. Whether it became a public highway by use was a question of fact for the jury.

In Shaver v. Associated Truck Lines, 322 Mich 323, 33 NW2d 815, the determination whether Ampersee Road was a public highway was discussed. The Supreme Court of Michigan said:

"The term 'avenue' or 'street' is a misnomer for that lane or private drive or alley or whatever it is. It is in no sense a city street. It isn't maintained by the city. It doesn't go anywhere except to the rear of the Consumers Power plant. It isn't used by the traveling public generally, and it is in substance and effect nothing more or less than a private drive. . . ."

Whether Ampersee road is a street within the meaning of the statute and, thereby, creating an intersection with East Michigan avenue presents a question of fact.

■ Plaintiff's Instruction No. 7 could properly have been given only if the evidence established that the crossing was a public highway as a matter of law. We conclude that it was a question of fact for the jury to determine whether the railroad crossed a public highway or a private road and therefore the giving of that instruction was reversible error. Under the circumstances of this case, an instruction based on the statute * which imposes a duty on the railroad to sound a bell, whistle or horn for a quarter of a mile before and when crossing a public highway should be conditioned on a finding that the railroad tracks did intersect a public highway. Stavola v. Palmer, 136 Conn 670, 73 A2d 831. An instruction on the degree of care required of a railroad operating a train approaching a point of known or reasonably apprehended danger could be conditioned on a finding by the jury that the intersection was not a public highway. Chicago & A. R. Co. v. Dillon, supra.

---

* Ill Rev Stat 1957, c 114, § 59.

Defendant also maintains that the court erred in not granting its motion for a judgment notwithstanding the verdict. It claims that plaintiff was guilty of contributory negligence as a matter of law. The jury in answering a special interrogatory found that plaintiff was not guilty of contributory negligence. From a review of the evidence we cannot say that all reasonable minds would reach the conclusion that plaintiff was guilty of contributory negligence. This was a question of fact for the jury. Bunton v. Illinois Cent. R. Co., 15 Ill App2d 311, 320, 146 NE2d 205. Furthermore, defendant did not object in its post-trial motion to the answer to the interrogatory, and therefore the question was not properly preserved for review. Freeman v. Chicago Transit Authority, 50 Ill App2d 125, 200 NE2d 128; Forslund v. Chicago Transit Authority, 9 Ill App2d 290, 132 NE2d 801.

Since this case will be retried, we point out that if an automobile is "junked" after an accident, the purchase price in 1957 of a 1955 automobile was not sufficient evidence, in itself, to establish value in 1958. See Cunningham v. Crane Company, 255 Ill App 373; Lucas v. Bowman Dairy Co., 50 Ill App2d 413, 417, 200 NE2d 374.

The judgment is reversed and the cause remanded to the Circuit Court of Cook County.

Reversed and remanded.

McCORMICK, P. J. and ENGLISH, J., concur.